UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LARGAN PRECISION CO., LTD.,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., et al.

Defendants.

AND ALL RELATED CLAIMS.

Civil No.13-CV-2740 DMS (NLS)

**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE**

On May 5, 2014, the court held an Early Neutral Evaluation Conference. The case did not settle. Immediately after, the court held a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Patent Local Rules. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS ORDERED:**

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **June 5, 2014**.

2. **Disclosure of Asserted Claims and Infringement Contentions.** On or before **May 19, 2014**, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims

and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" must contain the following information:

a. Each claim of each patent in the suit that is allegedly infringed by each opposing party;

b. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described

e. Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

g. If a party claiming patent infringement asserts or wishes to preserve the righ to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

h. If a party claiming patent infringement alleges willful infringement, the basis for such an allegation.

3. **Document Production Accompanying Disclosure.** With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party, or make available for inspection and copying, the following documents in the possession, custody and/or control of that party:

a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third

        party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein does not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102;

b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.L.R. 3.1(e), whichever is earlier; and

c. A copy of the file history for each patent in suit and each application to which a claim for priority is made under P.L.R. 3.1(e);

d. Documents sufficient to evidence ownership of the patent rights by the party asserting patent infringement; and

e. If a party identifies instrumentalities pursuant to Patent L.R. 3.1.g, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

The producing party must separately identify by production number which documents correspond to each category.

The party claiming patent infringement is required to use its best efforts to obtain the documents to make a timely disclosure if the documents identified above are not in the possession, custody and/or control of that party.

4. **Invalidity Contentions.** On or before **July 18, 2014**, each party opposing a claim of patent infringement must serve on all parties its "Invalidity Contentions" which must contain the following information:

a. The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. This includes information about any alleged knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. §102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. §102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b. Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations or prior art showing obviousness;

c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) of any of the asserted claims; and

e. Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to disclose the best mode under 35 U.S.C. §112(1).

5. **<u>Document Production Accompanying Invalidity Contentions</u>.** With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

a. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Infringement Contentions;"

b. A copy of each item of prior art identified in the Invalidity Contentions, which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

6. **<u>Exchange of Proposed Claim Constructions and Extrinsic Evidence</u>.**

a. On or before **<u>August 1, 2014</u>**, the parties shall simultaneously exchange a proposed construction of each claim term, phrase, or clause which the parties have identified for claim construction purposes. Each such "Proposed Claim Construction" will also for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

b. At the same time the parties exchange their respective "Proposed Claim Constructions," they must also provide a proposed identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

c. On or before **<u>August 15, 2014</u>**, the parties shall simultaneously exchange "Responsive Claim Constructions"identifying whether the responding party

      agrees with the other party's proposed construction, or identify an alternate construction in the responding party's proposed construction, or set forth the responding party's alternate construction.

d. At the same time the parties exchange their respective "Responsive Claim Constructions," they must also provide a proposed identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any responsive claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

e. The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

7. **<u>Joint Claim Construction Chart, Worksheet and Hearing Statement</u>.**

On or before **<u>August 29, 2014</u>**, the parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement.

a. The Joint Hearing Statement must include an identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10 terms. The parties must also identify any term among the 10 whose construction will be case or claim dispositive. If the parties cannot agree on the 10 most significant terms, the parties must identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 10. For example, in a case involving 2 parties, if the parties agree upon the identification of 5 terms as most significant, each may only identify 2 additional terms as most significant; if the parties agree upon 8 such terms, each party may only identify only 1 additional terms as most significant.

b. The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. For every claim with a disputed term, each party shall identify with specificity the impact of the proposed constructions on the merits of the case.

c. The parties Joint Claim Construction Worksheet must be in the format set forth in **Appendix A** of the patent local rules and include any proposed constructions to which the parties agree, as well as those in dispute. The

    parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

  d. The Joint Hearing Statement must include:

    1. The anticipated length of time necessary for the Claim Construction Hearing; and

    2. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

    3. The order of presentation at the Claim Construction Hearing.

  e. At the court's discretion, within 5 calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

8. **Completion of Claim Construction Discovery.** The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by **September 26, 2014**. Fed.R.Civ.P. 30 applies to depositions, except as to experts. An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues. The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

9. **Claim Construction Briefs.**

  a. On or before **October 10, 2014**, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

  b. On or before **October 24, 2014**, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

  c. Absent leave of Court, the provisions of Civ.L.R. 7.1.h for length of briefs for supporting and reply memoranda shall apply to the length of opening and responsive claim construction briefs.

10. **Claim Construction Hearing.** On **November 24, 2014,** at **9:00 a.m.**, **Judge Sabraw** will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

11. **Amended and Final Contentions.**

 a. As a matter of right, a party asserting infringement may serve Amended Infringement Contentions no later than the filing of the parties' Joint Claim Construction Chart. Thereafter, absent undue prejudice to the opposing party, a party asserting infringement may only amend its infringement contentions:

  1. if, not later than 30 days after service of the court's Claim Construction Ruling, the party asserting infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

  2. upon a timely showing of good cause.

 b. As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the completion of claim construction discovery. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its invalidity contentions:

  1. if a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;

  2. if, not later than 50 days after service of the court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

  3. upon a timely motion showing good cause.

This rule does not relieve any party from its obligations under Fed.R.Civ.P. 26 to timely supplement disclosures and discovery responses

12. **Advice of Counsel.** Not later than 30 days after filing of the Claim Construction Order, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason must:

 a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived;

 b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

 c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with this requirement will not be permitted to rely on an advice of counsel for any purpose, absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

13. **Expert Witnesses**. On or before **January 26, 2015,** all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **February 16, 2015,** any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

14. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **May 21, 2015**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as otherwise provided, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

15. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(c) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **June 18, 2015**.

16. **Discovery**. Each side may take up to 125 hours of fact deposition testimony (including third-party depositions but excluding expert depositions). The initial deadline for the substantial completion of document discovery, including electronically stored information (ESI), is **February 23, 2015**. All fact discovery shall be completed on or before **April 23, 2015**. All expert discovery shall be completed on or before **July 16,**

**2015**. “Completed” means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the court (see attached "Chambers' Rules" on Discovery Disputes).

17. **Motions**. All motions, other than motions to amend or join parties, or motions in limine, but including motions addressing any *Daubert* issues, shall be **FILED** on or before **July 30, 2015**.

18. **Settlement Conferences**. A Mandatory Settlement Conference shall be conducted on **December 15, 2014,** at **9:30 a.m.** in the chambers of Magistrate Judge Nita L. Stormes. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **December 8, 2014**. A second Mandatory Settlement Conference shall be conducted on **November 4, 2015,** at **9:30 a.m**. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **October 28, 2015**. The court may schedule additional settlement conference(s) at the parties’ request. **All parties are ordered to read and to fully comply with the attached Chambers' Rules.** Any variation from these Rules or special arrangement desired in cases must be proposed to the settlement judge no later than twenty-one (21) days in advance of the settlement conference.

19. No later than 14 days before the settlement conference, each party will designate in writing to all other parties, the person(s) and their title(s) or position(s) with

the party who will attend and have settlement authority at the conference.

20. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **November 6, 2015**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

21. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before **November 13, 2015**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

22. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **November 20, 2015**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences if any, concerning the order.

23. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the clerk of the court on or before **November 27, 2015,** and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).

24. The final Pretrial Conference is scheduled on the calendar of **Judge Sabraw** on **December 4, 2015,** at **10:30 a.m**.  The trial is scheduled to start before **Judge Sabraw** on **January 4, 2016,** at **9:00 a.m.**

25. The court directs the parties to review the chambers' rules for the assigned

district judge and magistrate judge.

26. The dates and times set forth in this order will not be modified except for good cause shown.

27. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

DATED: May 5, 2014

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

**CHAMBERS' RULES FOR MAGISTRATE JUDGE NITA L. STORMES**

**A. Discovery Disputes**

If the parties have not resolved their dispute through the meet and confer process, counsel shall, within forty-five (45) days of the date upon which the event giving rise to the dispute occurred (see (2) below), file a joint statement entitled "Joint Motion for Determination of Discovery Dispute" with the court.

1. The joint statement is to include: (1) a declaration of compliance with the meet and confer requirement; (2) points and authorities (not to exceed 10 pages per side); and (3) a format in accordance with the "Sample Format" described below.

2. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the initial response.

3. Any exhibits accompanying the joint statement shall also be filed.

4. Counsel shall not attach copies of any meet and confer correspondence to the joint statement.

The court will either issue an order following the filing of the joint statement or will schedule a telephonic discovery conference.

**Sample Format: Joint Motion for Determination Of Discovery Dispute**

**Request No. 1**: Any and all documents referencing, describing or approving the Metropolitan Correctional Center as a treatment facility for inmate mental health treatment by the Nassau County local mental health director or other government official or agency.
**Response to Request No. 1**: Objection. This request is overly broad, irrelevant, burdensome, vague and ambiguous and not limited in scope as to time.
**Plaintiff's Reason to Compel Production**: This request is directly relevant to the denial of Equal Protection for male inmates. Two women's jails have specifically qualified Psychiatric Units with certain license to give high quality care to specific inmates with mental deficiencies. Each women's psychiatric Unit has specialized professional psychiatric treatment staff (i.e., 24 hour psychiatric nurses full time, psychiatric care, psychological care, etc.). Men do not have comparable services. This request will document the discrepancy.
**Defendant's Basis for Objections**: This request is not relevant to the issues in the case. Plaintiff does not have a cause of action relating to the disparate psychiatric treatment of male and female inmates. Rather, the issue in this case is limited to the specific care that Plaintiff received. Should the court find that the request is relevant, defendant request that it be limited to a specific time frame.

**B. Settlement Conference Procedures**

**1. Attendance**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore

settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear in person will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

Requests to continue settlement conferences are rarely granted. The Court, however, will consider written joint motion or ex parte requests to continue a conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary" to justify continuing the conference or excusing the personal attendance of a party.

**2.** **<u>Settlement Conference Briefs</u>**: All parties are required to lodge a confidential settlement brief before the Settlement Conference. Please refer to the court's order for the due date for the brief. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases. Each brief shall set forth the following required confidential information:

a. A brief analysis of the key issues involved in the litigation;

b. A description of the strongest and weakest legal and factual points in the party's case;

c. A description of the strongest and weakest legal and factual points in the opponent's case;

d. The status of any settlement negotiations, including the last settlement proposal made by each party; and

e. The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail the original only of settlement briefs directly to chambers. If the submission exceeds 20 pages, a paper copy must be delivered or mailed to chambers. FAX briefs will not be accepted. Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed.

Chambers of Magistrate Judge Nita L. Stormes
333 West Broadway, Suite 1210
San Diego, CA 92101
email: [efile_stormes@casd.uscourts.gov]