John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Michael J Engle, Bar No. 259476
MEngle@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone:  858.720.5700
Facsimile:   858.720.5799

Attorneys for Plaintiff and Counterclaim
Defendant Largan Precision Co., Ltd.

(additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br> Defendants. | Case No. 13-CV-2740 DMS (NLS) <br><br> **JOINT CLAIM CONSTRUCTION HEARING STATEMENT, CLAIM CONSTRUCTION CHART, AND CLAIM CONSTRUCTION WORKSHEET PURSUANT TO PATENT LOCAL RULE 4.2** |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> LARGAN PRECISION CO., LTD., <br><br> Counterclaim Defendant. | |

Pursuant to Patent Local Rule ("L.R.") 4.2 and the Court's Case Management Scheduling Order of May 5, 2014 (D.I. 35), Plaintiff Largan Precision Co., Ltd. ("Largan") and Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC's (collectively "Samsung"), submit the following Joint Claim Construction Hearing Statement ("Joint Statement"), Claim Construction Chart and Claim Construction Worksheet for U.S. Patent Nos. 7,262,925 (the "'925 Patent); 7,394,602 (the "'602 Patent"); 7,898,747 (the "'747 Patent"); 8,154,807 (the "'807 Patent"); 8,284,291(the "'291 Patent"); 8,508,860 (the "'860 Patent"); 8,670,190 (the "'190 Patent"); and 8,670,191 (the "'191 Patent") (collectively the "Patents-in-Suit").

## I.   Identification Of The Most Significant and Dispositive Terms (Patent L.R. 4.2(a))

Pursuant to Patent L.R. 4.2(a) and the Court's Order Following Telephonic Status Conference, the parties have agreed upon a total of at least 5 disputed terms that require construction.  D.I. 38 ¶ 3.[1]

Largan's Additional Statement On The Identification Of Terms.

In addition to the 5 remaining terms in dispute, on the day this Joint Claim Construction Hearing Statement was due Samsung indicated for the first time that it would also like the Court to construe 9 different claim preambles.  While Samsung identified a single term—"thin type"—from a single preamble in its preliminary proposed constructions (Patent L.R. 4.1.a), none of the remaining terms and phrases were identified in either Samsung's preliminary proposed constructions or its responsive proposed constructions (Patent L.R. 4.1.c).  Accordingly, Largan

---

[1] Pursuant to the Court's May 22, 2014 Order, Largan served its Preliminary Election of Asserted Claims on August 29, 2014 after Samsung had completed its work on its claim construction positions dropping more than 80 claims.  D.I. 38.  Because Samsung has not had sufficient time to analyze and consider how the dropping of the claims may impact its claim construction positions, Samsung reserves the right to modify its positions after completing its review.  Largan understands Samsung's position, and will work with Samsung regarding any necessary supplemental or revised claim construction materials, so long as the claim reduction is not used as a basis to modify any claim construction positions unnecessarily, thereby undoing the parties' prior exchanges.

1  believes Samsung's attempted introduction of these 9 different preambles for the

2  first time on the day this filing is due violates the Patent Local Rules and prejudices

3  Largan.  Moreover, each of the 9 different preambles contain multiple, discrete sub-

4  parts will need to be analyzed individually, meaning the real number of terms

5  Samsung is newly asking the Court to construe vastly exceeds the Court's limit of

6  10 disputed terms.[2]  As such, Largan does not believe these 9+ terms to be properly

7  before this Court.

8      The 5 disputed terms also does not include terms Samsung apparently alleges

9  are "indefinite" yet refuses to raise to the Court at this time.  In its Patent Local

10  Rule 4.1.a and 4.1.c disclosures, Samsung identified a host of terms it alleged were

11  indefinite yet, as the parties met and conferred to assemble this statement, Samsung

12  took the position its states below that indefiniteness and claim construction are

13  separate issues that can be raised at separate times.  Based on its understanding of

14  the case law, Largan has consistently attempted to convince Samsung that all terms

15  Samsung asserts are indefinite should be raised to the Court during claim

16  construction and must fall within the Court's limit of ten total terms.  Nevertheless,

17  Samsung disagrees.  Accordingly, the parties require the Court's input as to

18  whether all the words and phrases Samsung claims are indefinite should be

19  included as part of the parties' claim construction briefs or not, and whether the

20  Court's overall limit of ten terms includes all allegedly indefinite terms or Samsung

21  can raise additional indefiniteness allegations at a later date.

22

23

24

_____

[2] Contrary to Samsung's argument, Largan has not been inconsistent regarding
construction of the symbol "□."  Because Largan alleges that symbol should be
construed consistently, Largan maintained that that symbol counted as a single term
against the Court's limit of 10.  While seeking to count each iteration of the same
symbol as a different term, Samsung self-servingly attempts to count nine different
preambles from seven patents as one term.  Largan believes that, when the Court
examines the claim language itself, it will see which party's interpretation was
correct.

1    <u>Samsung's Additional Statement On The Identification Of Terms</u>

2           Samsung respectfully disagrees with Largan's additional statements, which

3 inaccurately characterize the facts and arises from Largan's attempts to raise new

4 issues and arguments just hours before this Joint Statement is due.  It is Samsung's

5 position that these issues should have been raised and resolved earlier when it had a

6 full opportunity to address them, and that the parties should work now to resolve

7 them.  Samsung includes its response here only to complete the record with the

8 hope of jointly resolving these issues.

9           With respect to the preamble issue raised by Largan, Samsung disagrees with

10 Largan's suggestion that it was allegedly unaware of the dispute.  On August 1st,

11 Samsung put Largan on notice that it views the preambles of the patents to be

12 limiting in its preliminary proposed constructions by identifying the term "thin

13 type" contained in the preamble of claim 7 of the '747 patent (which uses the

14 phrase "from the object side to the image side") as an indefinite term.  The

15 language in each of the preambles that make them limiting is virtually the same as

16 that in the '747 patent: a lens system comprising "from [an]/[the] object side to the

17 image side:".  Largan recognized the preamble issue because its August 15

18 responsive proposed constructions included the position that the preamble is not

19 limiting.  In addition, during the parties' August 25th and 27th meet and confers

20 Samsung explained that it disagreed with Largan's position that the preambles of

21 the patents were non-limiting and that it intended to submit the issue as a disputed

22 claim construction.  By contrast, Largan failed to identify "□" as an independent

23 term in either its preliminary proposed constructions (P.L.R. 4.1(a)) or its

24 responsive proposed constructions (P.L.R. 4.1(c)).  Instead, Largan waited until two

25 days before this Joint Claim Construction Statement was due to argue for the first

26 time that "□" should be construed as its own term.  Samsung agreed to Largan's

27 proposed inclusion of the terms with this symbol to avoid disputes.  Largan's

28

1 argument here to exclude a timely raised dispute is both incorrect and inconsistent
2 with its own actions.

3     Largan's complaint that the preambles raise 9 different issues is likewise
4 incorrect and inconsistent with Largan's own position. There is a single basic issue
5 that is common to the preambles. Largan has taken the same position as Samsung
6 with respect its grouping of 5 different claim terms containing "□" as a single issue
7 for construction. To the extent the Court prefers that, notwithstanding the common
8 disputed issue, the preambles be treated as separate terms, Largan's unilateral
9 grouping of terms should likewise be treated separately. Notably, Largan's
10 complaint that the preambles are untimely is also inconsistent with Largan's own
11 position.

12     With respect to Largan's argument regarding terms that are contended to be
13 indefinite, to the extent Samsung understands Largan's argument, the argument is
14 legally incorrect. Claim construction and invalidity arising from indefiniteness are
15 different issues. Samsung has identified a number of terms it believes are indefinite
16 in its invalidity contentions. Largan has chosen to raise some, but not all, of the
17 indefiniteness terms as claim construction issues. During the claim construction
18 process, Samsung did not pursue construction of every term alleged to be indefinite
19 because if the meaning is not apparently in dispute or conditional on a litigation
20 position Largan is apparently not taking, there is no need for construction. The lack
21 of need for construction does not, however, mean the claim satisfies the statutory
22 requirements to avoid indefiniteness. Largan's position, inserted into this joint
23 submission hours before it is due, is disputed by Samsung and legally incorrect.

24     Samsung continues to believe the parties should try to resolve these disputes
25 through further discussion.

26     Largan does not believe that the construction of any disputed term will be
27 case or claim dispositive.

28

Samsung believes that the claim construction of at least the following disputed terms may be claim and/or patent dispositive:

"□L1R1/L1R2□<0.5";

"□R3R1/L3R2□>0.3";

"1.5>□f/f1□>1.0";

"1.2>□f/f2□>0.7";

"1.2>□f/f3□>0.3";

"1.15<□d/h□<2.5";

"ANG32←30 deg.";

"the fourth lens element has a concave image-side surface and a convex image-side surface";

the preambles of independent claims are limiting;

"thin type"; and

"at least one inflection point formed on the object-side and image-side surfaces".

**II.    Claim Construction Chart Identifying Disputed Terms and Supporting Evidence (Patent L.R. 4.2(b))**

Pursuant to Patent Local Rule 4.2(b), the chart attached as Appendix A to this statement sets forth: (a) the complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term, (b) each party's proposed constructions for those terms, (c) references from the specification or prosecution history of the Patents-In-Suit that each party contends support its proposed construction, (d) extrinsic evidence known to each party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, and (e) an identification of the impact of the proposed constructions on the merits of the case.

Each party expressly reserves the right to propose additional or responsive claim constructions and to supplement its proposed claim constructions and supporting evidence as claim construction discovery progresses and the parties fully brief the issues.

**III.  Claim Construction Worksheet (Patent L.R. 4.2(c))**

Pursuant to Patent L.R. 4.2(c), the disputed claim terms and the agreed-upon constructions are included in the Joint Claim Construction Worksheet, which is attached as Appendix B to this Joint Statement.

**IV.  Length of Time for Claim Construction Hearing (Patent L.R.  4.2 (d)(1))**

The claim construction hearing is currently scheduled for November 24, 2014 at 9:00am.  D.I. 35.  If the Court determines that a technology tutorial would be helpful, the parties believe it would be most efficient to hold it immediately before the claim construction hearing.  The parties estimate that a total of four hours will be sufficient for both the claim construction hearing and the technology tutorial.

**V.  Witnesses to Be Called at Claim Construction Hearing (Patent L.R. 4.2 (d) (2))**

The parties agree that no expert or fact witnesses will be called at the claim construction hearing.

**VI.  Order of Presentation at Claim Construction Hearing (Patent L.R. 4.2 (e))**

The parties propose that, on a term-by-term basis, the party that proposed a term for construction will present its argument first, followed by the opposing party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  August 29, 2014

**KIRKLAND &ELLIS LLP**

By: *s/ David W. Higer*

David W. Higer (*pro hac vice*)
dhiger@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregory S. Arovas, P.C. (*pro hac vice*)
garovas@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan (*pro hac vice*)
edonovan@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

LEWIS KOHN &
FITZWILLIAM,LLP
Kent M. Walker (Bar No. 173700)
kwalker@lewiskohn.com
LEWIS KOHN & FITZWILLIAM,
LLP
10935 Vista Sorrento Pkwy, Ste. 370
San Diego, California 92130
Telephone: (858) 436-1333
Facsimile: (858) 436-1349

Attorneys for Defendants and
Counterclaim Plaintiffs Samsung
Electronics Co., Ltd., Samsung
Electronics America, Inc., and
Samsung Telecommunications
America, LLC

DATED:  August 29, 2014

**PERKINS COIE LLP**

By: *s/ Kimberly I. Kennedy*

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Michael J. Engle, Bar No. 259476
MEngle@perkinscoie.com
Kimberly I. Kennedy, Bar No.
253828
KimberlyKennedy@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone:  (858) 720-5700
Facsimile:   (858) 720-5799

Attorneys for Plaintiff and Counterclaim
Defendant Largan Precision Co., Ltd.

JOINT CLAIM CONST.
HEARING STMT.                                        -8-                              13-CV-2740 DMS (NLS)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 29, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail.

*s/ Kimberly I. Kennedy*
Kimberly I. Kennedy