| | |
|---|---|
| 1 | John P. Schnurer, Bar No. 185725 |
| | JSchnurer@perkinscoie.com |
| 2 | Joseph P. Reid, Bar No. 211082 |
| | JReid@perkinscoie.com |
| 3 | Michael J Engle, Bar No. 259476 |
| | MEngle@perkinscoie.com |
| 4 | Perkins Coie LLP |
| | 11988 El Camino Real, Suite 350 |
| 5 | San Diego, CA 92130-2594 |
| | Telephone: 858.720.5700 |
| 6 | Facsimile: 858.720.5799 |
| 7 | Attorneys for Plaintiff and Counterclaim Defendant Largan Precision Co., Ltd. |
| 8 | |
| 9 | (additional counsel listed on signature page) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO., LTD., | Case No. 13-CV-2740 DMS (NLS) |
| Plaintiff, | **SUPPLEMENTAL JOINT CLAIM CONSTRUCTION HEARING STATEMENT, CLAIM CONSTRUCTION CHART, AND CLAIM CONSTRUCTION WORKSHEET PURSUANT TO PATENT LOCAL RULE 4.2** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | |
| Defendants. | |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | |
| Counterclaim Plaintiffs, | |
| v. | |
| LARGAN PRECISION CO., LTD., | |
| Counterclaim Defendant. | |

Pursuant to Patent Local Rule ("L.R.") 4.2 and the Court's Case Management Scheduling Order of May 5, 2014 (D.I. 35), Plaintiff Largan Precision Co., Ltd. ("Largan") and Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC's (collectively "Samsung"), submit the following Supplemental Joint Claim Construction Hearing Statement ("Joint Statement"), Supplemental Claim Construction Chart and Supplemental Claim Construction Worksheet for U.S. Patent Nos. 7,262,925 (the "'925 Patent"); 7,394,602 (the "'602 Patent"); 8,154,807 (the "'807 Patent"); 8,508,860 (the "'860 Patent"); 8,670,190 (the "'190 Patent"); and 8,670,191 (the "'191 Patent") (collectively the "Patents-in-Suit").

**I.       Identification Of The Most Significant and Dispositive Terms (Patent L.R. 4.2(a))**

Pursuant to Patent L.R. 4.2(a) and the Court's Order Following Telephonic Status Conference, the parties have agreed upon a total of at least 5 disputed terms that require construction. D.I. 38 ¶ 3.[1]

Largan does not believe that the construction of any disputed term will be case or claim dispositive.

Samsung believes that the claim construction of at least the following disputed terms may be claim and/or patent dispositive:

"□L1R1/L1R2□<0.5";

"□R3R1/L3R2□>0.3";

"1.5>□f/f1□>1.0";

"1.2>□f/f2□>0.7";

"1.2>□f/f3□>0.3";

---

[1] Pursuant to the Court's May 22, 2014 Order, Largan served its Preliminary Election of Asserted Claims on August 29, 2014 after Samsung had completed its work on its claim construction positions dropping more than 80 claims. D.I. 38. In these supplemental claim construction materials, Samsung has dropped those terms that it now understands not to be at issue on account of Largan's election. Samsung reserves the right to further supplement this list should Largan take any contrary positions as the case progresses.

the preambles of independent claims are limiting; and

"at least one inflection point formed on the object-side and image-side surfaces".

<u>Largan's Additional Statement On The Identification Of Terms.</u>

In addition to the 5 remaining terms in dispute, on the day this Joint Claim Construction Hearing Statement was due Samsung indicated for the first time that it would also like the Court to construe 9 different claim preambles.  While Samsung identified a single term—"thin type"—from a single preamble in its preliminary proposed constructions (Patent L.R. 4.1.a), none of the remaining terms and phrases were identified in either Samsung's preliminary proposed constructions or its responsive proposed constructions (Patent L.R. 4.1.c).  Accordingly, Largan believes Samsung's attempted introduction of these 9 different preambles for the first time on the day this filing is due violates the Patent Local Rules and prejudices Largan.  Moreover, each of the 9 different preambles contain multiple, discrete sub-parts will need to be analyzed individually, meaning the real number of terms Samsung is newly asking the Court to construe vastly exceeds the Court's limit of 10 disputed terms.[2]  As such, Largan does not believe these 9 terms to be properly before this Court.

The 5 disputed terms also does not include terms Samsung apparently alleges are "indefinite" yet refuses to raise to the Court at this time.  In its Patent Local Rule 4.1.a and 4.1.c disclosures, Samsung identified a host of terms it alleged were indefinite yet, as the parties met and conferred to assemble this statement, Samsung took the position its states below that indefiniteness and claim construction are

---

[2] Contrary to Samsung's argument, Largan has not been inconsistent regarding construction of the symbol "□."  Because Largan alleges that symbol should be construed consistently, Largan maintained that that symbol counted as a single term against the Court's limit of 10.  While seeking to count each iteration of the same symbol as a different term, Samsung self-servingly attempts to count nine different preambles from five patents as one term.  Largan believes that, when the Court examines the claim language itself, it will see which party's interpretation was correct.

1  separate issues that can be raised at separate times.  Based on its understanding of
2  the case law, Largan has consistently attempted to convince Samsung that all terms
3  Samsung asserts are indefinite should be raised to the Court during claim
4  construction and must fall within the Court's limit of ten total terms.  Nevertheless,
5  Samsung disagrees.  Accordingly, the parties require the Court's input as to
6  whether all the words and phrases Samsung claims are indefinite should be
7  included as part of the parties' claim construction briefs or not, and whether the
8  Court's overall limit of ten terms includes all allegedly indefinite terms or Samsung
9  can raise additional indefiniteness allegations at a later date.

10 <u>Samsung's Additional Statement On The Identification Of Terms</u>
11  Samsung respectfully disagrees with Largan's additional statements, which
12  inaccurately characterize the facts and arises from Largan's attempts to raise new
13  issues and arguments just hours before the original Joint Statement was due.  It is
14  Samsung's position that these issues should have been raised and resolved earlier
15  when it had a full opportunity to address them, and that the parties should work
16  now to resolve them.  Samsung includes its response here only to complete the
17  record with the hope of jointly resolving these issues.
18  With respect to the preamble issue raised by Largan, Samsung disagrees with
19  Largan's suggestion that it was allegedly unaware of the dispute and attempts to
20  distinguish it from its own positions.  On August 1st, Samsung put Largan on notice
21  that it views the preambles of the patents to be limiting in its preliminary proposed
22  constructions by identifying the term "thin type" contained in the preamble of claim
23  7 of the '747 patent (which uses the phrase "from the object side to the image side")
24  as an indefinite term.  The language in each of the preambles that make them
25  limiting is virtually the same as that in the '747 patent: a lens system comprising
26  "from [an]/[the] object side to the image side:".  Largan recognized the preamble
27  issue because its August 15 responsive proposed constructions included the position
28  that the preamble is not limiting.  In addition, during the parties' August 25th and

27th meet and confers Samsung explained that it disagreed with Largan's position that the preambles of the patents were non-limiting and that it intended to submit the issue as a disputed claim construction. Thus, Largan's position that the preamble issue was not timely raised is incorrect.

Largan's timeliness argument is inconsistent with its own conduct. Largan failed to identify "□" as an independent term in either its preliminary proposed constructions (P.L.R. 4.1(a)) or its responsive proposed constructions (P.L.R. 4.1(c)). Instead, Largan waited until two days before this Joint Claim Construction Statement was due to argue for the first time that "□" should be construed as its own term. Samsung agreed to Largan's proposed inclusion of the terms with this symbol to avoid disputes and have all issues heard by the Court. Although Samsung's position is that there is no prejudice and the parties' disputed terms should both be heard, to the extent Samsung's preamble issue was not timely raised, Largan's term dispute is more untimely.

Largan's complaint that the preambles raise 9 different issues is likewise incorrect and inconsistent with Largan's own position. As explained above, there is a single basic issue that is common to the preambles. Largan has taken the same position as Samsung with respect to its grouping of 5 different claim terms containing "□" as a single issue for construction. To the extent the Court prefers that, notwithstanding the common disputed issue, the preambles be treated as separate terms, Largan's unilateral grouping of terms should likewise be treated separately.

With respect to Largan's argument regarding terms that are contended to be indefinite, to the extent Samsung understands Largan's argument, the argument is legally incorrect. Claim construction and invalidity arising from indefiniteness are different issues. Samsung has identified the terms it believes are indefinite in its invalidity contentions based on its current understanding of Largan's positions and interpretation of the patents. All of those indefinite terms were raised in the claim

construction process by one or both of the parties.  The indefinite terms are included in the list of terms in dispute, with the exception of two terms for which the parties agreed to constructions and seven terms that Samsung understands to no longer be in dispute on account of Largan's dropping of claims or its claim construction positions.  As a result, subject to Samsung's reserving its rights to raise these indefiniteness arguments should Largan's positions change, the parties' dispute regarding whether indefiniteness invalidity arguments must be raised as part of claim construction appears moot.  Accordingly, not all the terms are included for construction.

Samsung continues to believe the parties should try to resolve these disputes through further discussion.

**II.    Claim Construction Chart Identifying Disputed Terms and Supporting Evidence (Patent L.R. 4.2(b))**

Pursuant to Patent Local Rule 4.2(b), the Supplemental Joint Claim Construction Chart attached as Appendix A to this statement sets forth: (a) the complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term, (b) each party's proposed constructions for those terms, (c) references from the specification or prosecution history of the Patents-In-Suit that each party contends support its proposed construction, (d) extrinsic evidence known to each party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, and (e) an identification of the impact of the proposed constructions on the merits of the case.

Each party expressly reserves the right to propose additional or responsive claim constructions and to supplement its proposed claim constructions and supporting evidence as claim construction discovery progresses and the parties fully brief the issues.

**III. Claim Construction Worksheet (Patent L.R. 4.2(c))**

Pursuant to Patent L.R. 4.2(c), the disputed claim terms and the agreed-upon constructions are included in the Supplemental Joint Claim Construction Worksheet, which is attached as Appendix B to this Joint Statement.

**IV. Length of Time for Claim Construction Hearing (Patent L.R. 4.2 (d)(1))**

The claim construction hearing is currently scheduled for November 24, 2014 at 9:00am. D.I. 35. If the Court determines that a technology tutorial would be helpful, the parties believe it would be most efficient to hold it immediately before the claim construction hearing. The parties estimate that a total of four hours will be sufficient for both the claim construction hearing and the technology tutorial.

**V. Witnesses to Be Called at Claim Construction Hearing (Patent L.R. 4.2 (d) (2))**

The parties agree that no expert or fact witnesses will be called at the claim construction hearing.

**VI. Order of Presentation at Claim Construction Hearing (Patent L.R. 4.2 (e))**

The parties propose that, on a term-by-term basis, the party that proposed a term for construction will present its argument first, followed by the opposing party.

| | |
|---|---|
| DATED: September 12, 2014 | DATED: September 12, 2014 |
| **KIRKLAND &ELLIS LLP** | **PERKINS COIE LLP** |
| By: *s/David W. Higer* | By: *s/Kimberly I. Kennedy* |

David W. Higer (*pro hac vice*)
dhiger@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Gregory S. Arovas, P.C. (*pro hac vice*)
garovas@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Edward C. Donovan (*pro hac vice*)
edonovan@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Kent M. Walker (Bar No. 173700)
kwalker@lewiskohn.com
LEWIS KOHN & FITZWILLIAM, LLP
10935 Vista Sorrento Pkwy, Ste. 370
San Diego, California 92130
Telephone: (858) 436-1333
Facsimile: (858) 436-1349

Attorneys for Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Michael J. Engle, Bar No. 259476
MEngle@perkinscoie.com
Kimberly I. Kennedy, Bar No. 253828
KimberlyKennedy@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Attorneys for Plaintiff and Counterclaim Defendant Largan Precision Co., Ltd.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on September 12, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail.

*s/ David W. Higer*
David Higer