**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Kevin J. Patariu, Bar No. 256755
KPatariu@perkinscoie.com
Tawen Chang, Bar No. 215512
TChang@perkinscoie.com
Kimberly I. Kennedy, Bar No. 253828
KimberlyKennedy@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiff and Counterclaim
Defendant Largan Precision Co., Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO., LTD., <br><br>   Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br>   Defendants. | Case No. 13-CV-2740 DMS (NLS) <br><br> **LARGAN PRECISION CO., LTD.'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER [Redacted]** <br><br> JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br><br>   Counterclaim Plaintiffs, <br><br> v. <br><br> LARGAN PRECISION CO., LTD., <br><br>   Counterclaim Defendant. | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1
II. STATEMENT OF MATERIAL FACTS ........ 2
III. LEGAL STANDARD ........ 5
IV. ARGUMENTS ........ 6
    A. Good Cause Exists to Extend Discovery and Motions Deadlines in the Scheduling Order ........ 6
    B. Defendants Will not Be Prejudiced by the Extension ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ahanchian v. Xenon Pictures, Inc.*,
  624 F.3d 1253, 1259 (9th Cir. 2010) .................................................................. 6

*Becerra v. National Recovery Solutions, LLC*,
  2014 WL 3700210, No. 13-cv-1547 (S.D. Cal., July 24, 2014) .......................... 6

*Benchmark Young Adult School, Inc. v. Launchworks Life Servs.*, LLC
  2014 WL 3014720, No. 12-cv-02953 (S.D. Cal., July 3, 2014) .......................... 6

*Henderson v. United Student Aid Funds, Inc.*,
  2014 WL 4658744 , No. 13-cv-1845 (S.D. Cal., Sept. 17, 2014) ....................... 6

*Hibler v. BCI Coco-Cola Bottling Co.*,
  2011 WL 4102224, No. 11-CV-298 (S.D. Cal. September 14, 2011) ................. 6

*Wilson v. Davis*,
  2012 WL 3809125, No. 10-CV-2669 (S.D. Cal. September 4, 2012) ........... 5, 11


**OTHER AUTHORITIES**

Fed.R.Civ.P. 6(b)(1) ................................................................................................. 5

Fed.R.Civ.P. 16(b)(4) ............................................................................................... 5

Local Rule 72.1(b) .................................................................................................... 1

MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION

Pursuant to this District's Civil Local Rule 72.1(b) and the Civil Case Procedures of the Honorable Nita L. Stormes, Largan respectfully submits this *Ex Parte* Application to Modify Scheduling Order.

**I.     INTRODUCTION**

Although Largan served its first set of discovery requests in May 2014, it was only in late February 2015—more than half a year later and only two months before the close of fact discovery under the current Scheduling Order—that Samsung finally identified additional accused products, components, and witnesses with relevant knowledge of these products and components. Neither are Samsung's most recent discovery responses complete. Based on Largan's own investigation, Samsung still has not identified all Samsung products using 3-element and 5-element lenses, which are within the scope of Largan's discovery requests and implicated in the instant litigation.

In light of Samsung's delay in providing relevant discovery, Largan sought an agreement from Samsung for a 30 to 60-day extension of a limited number of deadlines in the current procedural schedule. Specifically, Largan sought to extend the deadlines as set forth below:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Close of Fact Discovery | April 23, 2015 | June 26, 2015 |
| Opening Expert Reports | May 21, 2015 | July 10, 2015 |
| Supplemental Expert Reports | June 18, 2015 | July 31, 2015 |
| Close of Expert Discovery | July 16, 2015 | August 14, 2015 |
| Motions Deadline (except MILs) | July 30, 2015 | August 28, 2015 |

Samsung has indicated that it opposes the proposed modification, necessitating the instant application.

The parties have not previously requested any continuances of the dates set forth in the Scheduling Order. Similarly, as discussed in greater detail below, good cause exists for the requested modifications: Although Largan worked with

LARGAN'S APPLICATION TO MODIFY SCHEDULE      -1-      13-CV-2740 DMS (NLS)

Samsung and the Court to create a workable Rule 16 order in May 2014 and has diligently conducted discovery since that time, Largan could not have foreseen Samsung's dilatory disclosure of highly relevant information at the time of the Rule 16 conference. Neither would the proposed modification of the current schedule result in prejudice or undue delay. In particular, the proposed schedule should not affect the remaining dates in the current Scheduling Order, including the trial currently set for January 4, 2016. Thus, Largan respectfully requests that the Court grants Largan's application.

## II. STATEMENT OF MATERIAL FACTS

On May 5, 2014, the Court issued its Case Management Scheduling Order, setting a deadline for close of fact discovery for April 23, 2015. (D.I. 35.) Less than two weeks after the Court issued its Scheduling Order, Largan served its first set of discovery, seeking production of documents relating to accused lenses, accused camera modules, and accused Samsung products. (Ex. 1.[1]) Although Samsung agreed that other products using lenses incorporated in the Samsung Galaxy S II, S III, S4, S4 mini, Note, Note II, and/or Gear were accused (Ex. 2), Samsung produced discovery only with respect to those 7 products. Even as to the specific lenses used in Samsung Galaxy S II, S III, S4, S4 mini, Note, Note II, and Gear, moreover, Samsung claimed that it did not have possession, custody, or control of the lens design files, which are design documents containing most if not all of the information necessary to prove infringement. (*Id*. at 6.)

For the next seven months, Samsung insisted that no other Samsung products used the lenses incorporated in these 7 products and that it had no possession, custody, or control over lens design files in the ordinary course of its business. For instance, in its October 2014 response to Largan's Second Set of Interrogatories, which sought to confirm (1) identities of accused Samsung products, (2) the lenses

---

[1] All exhibits referenced herein refer to exhibits to the Declaration of Tawen Chang in Support of Largan's *Ex Parte* Application to Modify Scheduling Order.

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

1 and camera modules used in these products, and (3) third party component vendors
2 of these camera and lens modules, █████████████████████████████
3 ████████████████████████████████████████████████████████████
4 ████████████████████████████████████████████████████████████
5 ████████████ (Ex. 3 at 3-4.) Samsung also refused to properly identify its third
6 party lens module vendors as required by Largan's interrogatories. (*Id*. at 5.)
7       On December 12, 2014, Samsung finally supplemented its interrogatory
8 responses to identify ████████████████████████████████████
9 ████████████████████████████████████████████████████████. (Ex.
10 4 at 7.) On that date, Samsung also finally produced some of the samples of the
11 accused camera and lens modules requested by Largan in its September 9, 2014
12 Request for Production No. 15. (Ex. 5.) Nevertheless, Samsung continued to claim
13 that it had no possession, custody, or control over lens design files for these lenses,
14 stating:

15
16
17 ████████████████████████████████████████████████████████████
18
19

20 (Ex. 4 at 8.)
21       On or around January 12, 2015, Largan's independent investigation showed
22 that Samsung had not, in fact, ██████████████████████████████
23 ████████████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████████████
25 ████████████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████. (Ex. 6.)

LARGAN'S APPLICATION TO MODIFY SCHEDULE    -3-    13-CV-2740 DMS (NLS)

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

1     Only after Largan independently showed the incompleteness of Samsung's

2 interrogatory responses did Samsung supplement its responses on January 23, 2015,

3 ███████████████████████████████████████. (Ex. 7 at 5-6.) ███

4 ████████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████████

9 █████████████████████████████████████ (*Id*. at 10-11)

10     On February 9, 2015, less than a month before the deadline for substantial

11 completion of document discovery and in the midst of Largan's deposition of

12 Samsung's 30(b)(1) witnesses ████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ███████████████████████████████████████

17 ██████████████████████████ (Ex. 8.) Although Largan immediately

18 requested Samsung to supplement its discovery responses, including its

19 interrogatory responses, to provide information regarding the newly identified

20 products and accused camera modules (Ex. 9), it was not until February 27, 2015,

21 almost full three weeks later and after the deadline for substantial completion of

22 document discovery, that Samsung supplemented its interrogatory responses ███

23 ██████████████████████████ and further identified additional individuals

24

25

---

26 [2] Samsung originally identified ████████████████████████████, but based on Samsung's subse███████████████████████████████████████████████

27 ████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████.

LARGAN'S APPLICATION TO MODIFY SCHEDULE      -4-      13-CV-2740 DMS (NLS)

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

1  who had relevant information relating to the newly identified accused products.[3]
2  (Ex. 10.) Neither did Samsung produce documents relevant to these products until
3  after the deposition of Samsung witnesses Daesung Ha and Byungwook Lee,
4  
5  ███████████████████████████████████. In fact, to date it does
6  not appear that Samsung has produced all of the samples of the newly identified
7  accused products and modules—Samsung produced a sample of the ███
8  ████████████ only last week. (Ex. 11.)
9       Given Samsung's substantial and belated disclosures regarding accused
10 products and camera and lens modules, which Largan believes remain incomplete,
11 Largan sought agreement from Samsung on Feb. 18 for a stipulated motion to
12 extend certain fact and expert discovery dates in the current schedule. (Ex. 12.)
13 The parties further discussed the proposed stipulated motion on Feb. 20 during a
14 telephonic meet and confer. (Ex. 13.) On or around February 27, Samsung
15 informed Largan it would not agree to a stipulated motion and would oppose
16 Largan's motion to modify schedule because Samsung "does not agree that the
17 discovery/expert schedule needs to be modified." (*Id.*). On March 16, Largan
18 further informed Samsung that it planned to file the instant *ex parte* application
19 shortly. (*Id.*)
20 **III.  LEGAL STANDARD**
21      Dates set forth in a Rule 16 scheduling order may be modified "for good
22 cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); Fed.R.Civ.P. 6(b)(1).
23 Good cause exists if the moving party can show that the schedule cannot reasonably
24 be met despite the diligence of the party seeking the extension. *See, e.g., Wilson v.*

---

[3] ████████████████████████████████████████████████████████████



LARGAN'S APPLICATION TO MODIFY SCHEDULE    -5-    13-CV-2740 DMS (NLS)

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

*Davis*, 2012 WL 3809125, *3, No. 10-cv-2669 (S.D. Cal. Sept. 4, 2012). The decision to modify a scheduling order is within the broad discretion of the court. *Benchmark Young Adult School, Inc. v. Launchworks Life Servs., LLC*, 2014 WL 3014720, *3, No. 12-cv-02953 (S.D. Cal., July 3, 2014). "'[G]ood cause' is a 'non-rigorous standard,' and requests for continuance of deadlines should be 'granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Hibler v. BCI Coco-Cola Bottling Co.*, 2011 WL 4102224, Case No. 11-CV-298, *1 (S.D. Cal. September 14, 2011) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir.2010)).

## IV. ARGUMENTS

### A. Good Cause Exists to Extend Discovery and Motions Deadlines in the Scheduling Order

Largan has demonstrated good cause exists for the requested modification of the schedule. As an initial matter, Largan was diligent in assisting the court in creating a workable Rule 16 order in May, including submitting a Joint Discovery Plan. (Ex. 14.) However, in light of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, particularly Samsung's delay in providing complete and accurate responses to Largan's discovery requests, the current fact and expert discovery deadlines are no longer workable despite Largan's diligent efforts to comply with the current schedule.[4]

---

[4] *See, e.g., Henderson v. United Student Aid Funds, Inc.*, 2014 WL 4658744, *5, No. 13-cv-1845 (S.D. Cal., Sept. 17, 2014) (inability to comply with the deadline to amend complaint could not have been reasonably foreseen at the time of the Rule 16 conference because it was at least partially attributable to defendant's failure to produce requested information until after the deadline); *Becerra v. National Recovery Solutions, LLC*, 2014 WL 3700210, *3-4, No. 13-cv-1547 (S.D. Cal., July 24, 2014) (finding good cause to modify deadline for amendment of complaint where non-compliance with deadline resulted from defendant's delay in producing discovery); *Benchmark Young Adult School, Inc.*, 2014 WL 3014720 at *3 (finding good cause to permit amendment of complaint after deadline where plaintiff did not see and/or understand facts relevant to amendment of complaint until after deposition of defendant employee).

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

1     <u>First</u>, given that Samsung has ███████████████████

2 ████████████ and identified additional relevant witnesses and lens modules less

3 than two months before the close of fact discovery, Largan must review information

4 relating to these newly identified products and components before taking the

5 remaining depositions of Samsung and its employees, as well as determine whether

6 additional third party discovery is necessary.[5] The below chart illustrates the

7 dramatic difference between Samsung's earlier discovery responses and its latest

8 disclosures:

|  | Oct. 14, 2014 and earlier | December 12, 2014 | January 23, 2015 | February 27, 2015 |
|---|---|---|---|---|
| **Identified Products** | ███ | ███ | ███ | ███████ |
| **Identified Camera Modules** | ███ | ███ | ███ | ███ |

---

[5] Largan has served subpoenas on the following Samsung component vendors and their U.S. affiliates: SEMCO, SEM████████████████████████████████ica. ████████ exception of a single page ████████████████████ ██████, none of these vendors has ████████████████████ e to the ████ents at issue in this case.

LARGAN'S APPLICATION TO MODIFY SCHEDULE      -7-      13-CV-2740 DMS (NLS)

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

| | | | | |
|---|---|---|---|---|
| | ███ | ███ | ███ | ███ |
| **Identified Lens Modules**[6] | ███ | ███ | ███ | ███ |
| **Identified Lens Module Vendors** | █ | ███ | ███ | ███ |

---

[6] ███████████████████████████████████e extent, Largan would still need additional time to review and analyze any documents relating to any newly identified lenses.

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

1
2      Second, ███████████████████████████████████████, Largan strongly
3 suspects that Samsung has control over additional highly relevant documents,
4 particularly lens design files, that Samsung has not yet produced to Largan despite
5 the rapid approach of the close of fact discovery under the current Scheduling Order.
6 In particular, Samsung has claimed steadfastly that it has no control over lens
7 design files for the lenses at issue in this litigation, even though Samsung admitted
8 in its interrogatory responses that ███████████████████████████████
9 ███████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████.
12 (Ex. 4 at 8.) Samsung's claim of lack of control over the lens design files was
13 barely plausible when Samsung claimed, ████████████████████████
14 ████████████████████████████████████████. (*Id*. at 7).
15 Samsung's continued claim of lack of control, however, is no longer plausible in
16 light of ████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████. (Ex. 10 at 13-14; Ex. 15 at 88:5-22.) In light of such new
19 information, Largan requires additional time to investigate Samsung's alleged lack
20 of control and to obtain these highly relevant documents from Samsung, including
21 seeking the assistance of the Court to the extent necessary, as well as to analyze
22 them for purposes of further fact and expert discovery.
23      Third, although Samsung's dilatory disclosure described above already
24 provides sufficient good cause for the requested modification of the case schedule,
25 based on Largan's own investigation, Samsung has not identified all of the products
26 and components relevant to the instant litigation even now. As will be described in
27 greater detail in the parties' Joint Motion for Determination of Discovery Dispute,
28 to be filed by March 19, 2015, Largan has sought information relating to all

LARGAN'S APPLICATION TO MODIFY SCHEDULE     -9-     13-CV-2740 DMS (NLS)

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

1 | Samsung products incorporating 3-element and 5-element lenses. (*See, e.g.,* Ex. 16.)
2 | Indeed, the Court has previously found these products to be reasonably similar to
3 | the products expressly identified in Largan's infringement contentions and thus
4 | within the scope of proper discovery so long as the products are to be announced
5 | prior to the close of discovery in this case. (D.I. 83). To date, Samsung has agreed
6 | to produce information relating only to the ▮▮▮▮▮ products identified in its third
7 | supplemental response to Largan's Second Set of Interrogatories. However,
8 | Largan's own investigation shows that additional Samsung products, including for
9 | instance the Galaxy Note 4 and the Galaxy Edge, contain 5-element lenses and are
10 | thus within the scope of Largan's requests and the proper scope of discovery of this
11 | case. The requested extension of the dates of the current Scheduling Order will
12 | permit Largan to conduct discovery into these and other products Samsung has
13 | failed to disclose and to seek the assistance of the Court to resolve any disputes
14 | with Samsung relating to the discovery of these products. In particular, to the
15 | extent products Samsung has failed to disclose thus far require further reverse
16 | engineering of lenses by Largan, at least the requested two-month extension would
17 | be necessary because such reverse engineering will require significant amount of
18 | both time and resources from Largan. *See* Declaration of Chia-Wen Lee in Support
19 | of Largan's *Ex Parte* Application to Modify Scheduling Order ("Lee Decl."), ¶¶ 4-6.
20 |     Finally, Largan has been diligent in seeking the extension of discovery once
21 | it became apparent that the current schedule is no longer workable and that
22 | Samsung would not agree to a stipulated motion to extend. Largan reached out to
23 | Samsung to seek a stipulated motion to modify the schedule shortly after
24 | Samsung's belated disclosure of accused products and components. (Ex. 13.)
25 | Similarly, Largan filed the instant motion less than three weeks after Samsung
26 | served its supplemental interrogatory responses identifying new accused products
27 | and components and after Samsung refused to stipulate to an extension, and more
28 | than a month before the close of fact discovery under the current schedule.

LARGAN'S APPLICATION TO MODIFY SCHEDULE      -10-      13-CV-2740 DMS (NLS)

MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION

### B. Defendants Will not Be Prejudiced by the Extension

Because Largan has shown good cause for the requested modification of the schedule, the requested modification of the schedule should be granted. *See, e.g., Wilson*, 2012 WL 3809125 at *3 ("Because Plaintiff satisfied his burden and established good cause for the additional discovery, the Court need not consider the prejudice to Defendants in allowing the opposed discovery."). In any event, the requested modification will not prejudice Samsung. During the parties' initial discussion regarding the scheduling of this case, Samsung proposed fact discovery cutoff, initial expert report, rebuttal expert report, close of expert discovery, and motion deadline dates of 180, 210, 240, 270, and 300 days after Claim Construction Order respectively, which would have fallen around June, July, August, September, and October 2015. (*See* Ex. 14 at 8-9.) These dates would have been approximately the same or later than the dates that Largan is seeking with this motion. Furthermore, Largan's proposed modifications will not impact the trial date, which is set for January 2016, or other dates in the current Scheduling Order.

For all of the above reasons, Largan respectfully requests that the Court grants Largan's application and modify the schedule.

LARGAN'S APPLICATION TO MODIFY SCHEDULE — -11- — 13-CV-2740 DMS (NLS)

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

| | |
|---|---|
| DATED: March 19, 2015 | **PERKINS COIE LLP** |
| | By: */s/ Tawen Chang* |
| | John P. Schnurer, Bar No. 185725 |
| | JSchnurer@perkinscoie.com |
| | Joseph P. Reid, Bar No. 211082 |
| | JReid@perkinscoie.com |
| | Kevin J. Patariu, Bar No. 256755 |
| | KPatariu@perkinscoie.com |
| | Michael J. Engle, Bar No. 259476 |
| | MEngle@perkinscoie.com |
| | Tawen Chang, Bar No. 215512 |
| | TChang@perkinscoie.com |
| | Kimberly I. Kennedy, Bar No. 253828 |
| | KimberlyKennedy@perkinscoie.com |
| | John D. Esterhay, Bar No. 282330 |
| | JEsterhay@perkinscoie.com |
| | Perkins Coie LLP |
| | 11988 El Camino Real, Suite 350 |
| | San Diego, CA 92130-2594 |
| | Telephone: 858.720.5700 |
| | Facsimile: 858.720.5799 |
| | |
| | Attorneys for Plaintiff and Counterclaim Defendant Largan Precision Co., Ltd. |

**MAY CONTAIN HIGHLY CONFIDENTIAL--
FOR COUNSEL ONLY INFORMATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 19, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail.

                                                      */s/ Tawen Chang*
                                                      Tawen Chang

LEGAL125265112.2

LARGAN'S APPLICATION TO MODIFY SCHEDULE      -13-      13-CV-2740 DMS (NLS)