UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO., LTD., <br><br>Plaintiff, <br><br>v. <br><br>SAMSUNG ELECTRONICS CO., LTD., et al. <br><br>Defendants. <br><br>AND ALL RELATED CLAIMS. | Civil No. 13-CV-2740 DMS (NLS) <br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING THE DEFINITION OF "ACCUSED PRODUCTS" IN INTERROGATORY NO. 5** <br><br>(Dkt. No. 97) |

## I. INTRODUCTION AND FACTUAL BACKGROUND

In this case, Plaintiff Largan Precision Co., Ltd. ("Largan") alleges a patent infringement action against Defendant Samsung Electronics Co., Ltd. et al. ("Samsung"). The technology at issue involves imaging lens products that are used in mobile phone cameras. Currently pending before the Court is the parties' joint motion for determination of discovery dispute regarding a discovery request Largan served on Samsung ("Joint Motion"). (Dkt. No. 97.)[1] The dispute relates to Largan's Interrogatory No. 5, or more specifically, the definition of "Accused Product" provided in conjunction with Interrogatory No. 5. The parties met and conferred yet could not resolve their dispute, so they filed the Joint Motion on March 19, 2015. (Dkt. No. 74.)

---
[1] The Court has no need to cite to the sealed version of the Joint Motion, (Dkt. No. 106), and has been careful not to reference any confidential information in this Order.

## II. LEGAL STANDARD

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (internal quotation omitted). Federal Rule of Civil Procedure 26(b)(1) offers guidance as to the scope of discovery permitted in an action:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). However, "[t]he party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted). District courts have broad discretion when determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). However, this discretion should be balanced with the obligation to interpret the Rules in order to secure a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. This Court has the power to restrict discovery when it is necessary to prevent "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Likewise, the Court will consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

## III. ANALYSIS

Largan's Interrogatory No. 5 asks Samsung to identify certain information—*e.g.*,

the model name, product number, supplier, cost, and camera location—for each "Accused Product." (Dkt. No. 97 at 7.) Largan defines "Accused Product" as follows:

> [A]ny product that contains at least one camera module with a three or five element imaging lens that Samsung has made, imported, offered to sell, or sold in the United States since August 28, 2007 (for products containing a three element imaging lens, or for products containing both a three element imaging lens and a five element imaging lens) or Aug. 13, 2013 (for products containing a five element imaging lens and no three element imaging lens).

(*Id*.) In relevant part, Samsung objected to Interrogatory No. 5 on the ground that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence "to the extent it is not limited to the accused lens assemblies contained in [the products explicitly mentioned in Largan's infringement contentions.]" (*Id*. at 8-9.) Samsung thus limited its initial response to the accused lens assemblies—meaning the lens modules and camera modules containing an accused lens module—within those specifically enumerated products. (*Id*. at 10-11.) Samsung supplemented its response during the course of discovery. (*Id*. at 11-14, 29.) Largan now moves to compel the production of documents responsive to Interrogatory No. 5, consistent with its definition of "Accused Product."

Largan asserts that the Joint Motion "raises two substantive questions: (1) does discovery extend to 'reasonably similar' products, or only those specifically named in the infringement contentions; and (2) what constitutes 'reasonably similar' products." (Dkt. No. 97 at 21.) It claims that both questions have been answered by the Court, such that the Court should order Samsung to "identify all of its products containing three or five lens elements." (*Id*. (citing Dkt. No. 83).)

Specifically, Largan cites to two Court Orders for its conclusion. First, Largan claims that in a February 5, 2015 Order, the Court held that "any three or five lens element product that will be announced prior to the close of fact discovery is discoverable." (Dkt. No. 97 at 2 (citing Dkt. No. 83).) Largan has mischaracterized the the Order, which is titled, tellingly, "Order Governing Depositions" (hereinafter "Deposition Order"). The Court agrees with Samsung that the Deposition Order

1  "resolved a specific dispute:  when Samsung could instruct deposition witnesses not to
2  answer questions about unreleased products based on privilege." (Dkt. No. 97 at 24.)  As
3  Samsung now argues, the Court determined that "Samsung could not invoke trade secret
4  privilege during a deposition to instruct a witness not to answer about three-element or
5  five-element lens modules manufactured by Samsung that are currently under
6  development and would be released by the close of fact discovery." (*Id*. (citing Dkt. No.
7  83 at 1-2).)  The Court was not, contrary to Largan's claim, making a wholesale
8  determination of relevance for all products containing three or five lens systems.

9        Second, and similarly, Largan claims that the Court's February 9, 2015 Order
10 (hereinafter the "Samsung Order") already determined the relevance of all three and five
11 element lens designs.  (*Id*. at 3, 16 (citing Dkt. No. 84).)  In fact, Largan states that "this
12 Court has consistently held that three and five element lenses [sic] designs produced
13 during a relevant time period are relevant for discovery." (*Id*. at 16.)  Largan takes the
14 Samsung Order completely out of context, and its conclusion is incorrect.  The Court
15 there determined that Largan's prior designs with certain specific characteristics were
16 relevant to, at a minimum, Samsung's invalidity defense "because they may lead to prior
17 art directed to three-element and five-element designs as claimed in the patents-in-suit
18 and because they provide background information on the state of the art at the relevant
19 times." (Dkt. No. 83 at 7.)  Such a limited finding does not permit Largan to conclude
20 that the Court has held that all three-element and five-element lens modules (or products
21 containing them) are relevant in this case.

22       To the contrary, from the outset of discovery, the Court has generally limited the
23 scope of discovery for both parties to the patents-in-suit unless a further relevance
24 showing has been made.  (*See, e.g.*, Dkt No. 46 at 4 (rejecting Samsung's definition of
25 "Largan Products", which included "products, whether manufactured or sold by Largan
26 that Largan contends embody the <u>subject matter</u> of any of the Patents-in-Suit....")
27 (emphasis added); Dkt. No. 61 at 13("To the extent that Interrogatory No. 2 is not limited
28 to accused lens assemblies, the Court finds that Largan has not established the relevance

of the requested information...."); Dkt. No. 84 at 3-5 (limiting Samsung's request for the production of deposition transcripts to the four inventors of the patents-in-suit who were deposed in *Largan Precision Co., Ltd. v. Genius Electronic Optical Co., Ltd.*, 13-cv-2502 (N.D. Cal.)).) Though Largan claims that the Court has previously decided the relevance issues in its favor, it appears that Largan is actually asking the Court to reconsider its prior determinations and reasoning. In Largan's first set of Requests for Production of Documents, Largan defined "Implicated Products" to encompass its definitions of "implicated imaging lenses," "implicated camera modules," and "implicated electronic devices." (Dkt. No. 49-2 at 4.) The Court noted that through Largan's expansive definitions, "Largan clearly sought documents not only relating to the allegedly infringing imaging lenses and camera modules, but also non-accused imaging lenses and camera modules, and Samsung's products themselves (both those that contain allegedly infringing components and those that do not)." (Dkt. No. 61 at 4 (citing Dkt. No. 49-2 at 4).) The Court generally concluded that Largan had not established the relevance of the broader discovery it sought in that motion. (*See id.* at 11.) Now, instead of using the phrase "Implicated Products", Largan uses the phrase "Accused Products", but with the same goal seemingly in mind—discovery into all Samsung's three and five element lens products.

  Even at this eleventh hour, Largan still has not established the relevance of the information sought in Interrogatory No. 5. Through the definition of "Accused Product", Interrogatory No. 5 goes far beyond the "accused apparatus, product, [or] device" that Largan identified in its infringement contentions. (Pat. L. R. 3.1(b)).) As the Court previously noted, Largan's infringement contentions only identify "[t]he imaging lens and camera module" as the "[a]ccused product" in each and every claim. (Dkt. No. 61 at 11 (citing Dkt. No. 49-3 at 4-6).) Largan argues that its infringement contentions "extend to designs 'similar' to the specifically accused models." (Dkt. No. 97 at 3 (citing Dkt. No. 65-3 (which purportedly contains "excerpts of Largan's infringement contentions that accuse specific devices and other products with the 'same or similar' lens design")).)

This argument does not justify the expansive discovery Largan seeks.

First, the Patent Local Rules require more specificity. (Pat. L. R. 3.1(b) (the identification of each accused apparatus, product, or device "must be as specific as possible" and "must be identified by name or model number, if known")); *Mediatek, Inc. v. Freescale Semiconductor, Inc*., 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013) (denying motion to compel discovery into products that were not specifically identified as accused products under similar local patent rule); *Oracle America, Inc. v. Google Inc.,* 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (noting that similar local patent rule does not "tolerate broad categorical identifications" or "the use of mere representative examples" in infringement contentions); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2014 WL 4593338, at **2-3 (N.D. Cal. Sept. 15, 2014). Second, even if the identification of "similar" products was sufficiently specific under Pat. L. R. 3.1(b), Largan itself has acknowledged that the number of lens elements is only one component of many bearing on infringement. (Dkt. No. 74 at 22) ("Even the broadest claim ... contains a large number of additional limitations relating to, among other things, the shape of the lenses, the radius of curvature of the lens surfaces, and the focal lengths of the lenses and the image lens array.").) Thus, the mere fact that a lens module has three or five lens elements, like the specifically accused products, does not mean that such a lens module is sufficiently similar to justify Largan's expansive discovery.

In sum, the Court agrees with Samsung that "[t]here is no proper basis here for Largan to now try to re-open fact discovery on lens systems not identified in their infringement contentions." (Dkt. No. 97 at 5.) Accordingly, the Court **DENIES** Largan's motion to compel a further response to Interrogatory No. 5.

**IT IS SO ORDERED.**

DATED:  April 3, 2015

Hon. Nita L. Stormes
United States Magistrate Judge