1  Kent M. Walker (Bar No. 173700)
   kwalker@lewiskohn.com
2  LEWIS KOHN & WALKER LLP
   15030 Avenue of Science, Suite 201
3  San Diego, California 92128
   Telephone: (858) 436-1333
4  Facsimile: (858) 436-1349

5  Gregory S. Arovas, P.C. (*pro hac vice*)
   garovas@kirkland.com
6  Todd M. Friedman, P.C. (*pro hac vice*)
   todd.friedman@kirkland.com
7  KIRKLAND & ELLIS LLP
   601 Lexington Avenue
8  New York, New York 10022
   Telephone: (212) 446-4800
9  Facsimile: (212) 446-4900

10 Edward C. Donovan (*pro hac vice*)
   edonovan@kirkland.com
11 KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
12 Washington, D.C.  20005
   Telephone: (202) 879-5000
13 Facsimile: (202) 879-5200

14 David W. Higer (*pro hac vice*)
   dhiger@kirkland.com
15 KIRKLAND & ELLIS LLP
   300 North LaSalle Street
16 Chicago, Illinois  60654
   Telephone: (312) 862-2000
17 Facsimile: (312) 862-2200

18 Attorneys for Defendants/Counterclaim
   Plaintiffs Samsung Electronics Co., Ltd. and
19 Samsung Electronics America, Inc.

20                    **UNITED STATES DISTRICT COURT**

21                    **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 22  LARGAN PRECISION CO., LTD., | CASE NO. 13-CV–2740–DMS–NLS |
| 23      Plaintiff and Counterclaim Defendant, | ***EX PARTE* MOTION FOR LEAVE TO FILE MOTIONS IN EXCESS OF PAGE LIMITS** |
| 24      v. | |
| 25  SAMSUNG ELECTRONICS CO., LTD., *ET AL.*, | **DEMAND FOR JURY TRIAL** |
| 26      Defendants and Counterclaim Plaintiffs. | |

27

28

Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"[1]) respectfully move the Court to allow the parties to file briefs in excess of 25 pages in support of the parties' summary judgment and *Daubert* motions due by September 3, 2015. (Dkt. No. 145 (setting deadline for filing all motions other than motions *in limine*).) Samsung understands Local Civil Rule 7.1(h) to limit the parties to one 25-page brief absent prior leave of the Court.

Pursuant to the Court's Scheduling Order, on September 3rd, Samsung intends to file two motions, one seeking summary judgment on certain liability (non-infringement and invalidity) and damages issues related to the six different patents-in-suit, and a second *Daubert* motion challenging Largan's expert witness qualifications and/or opinions. These motions are intended to narrow the scope of this case where Largan asserts 20 different claims against many lens assemblies used by Samsung and seeks related remedies for each. In order to fully address these issues, Samsung requests that the Court permit it (and Largan if it chooses to file any motions) to file two separate motions on September 3rd subject to the following page limits:

**Summary Judgment:**
- Opening & Opposition: 40 pages
- Reply: 15 pages

*Daubert*:
- Opening & Opposition: 30 pages
- Reply: 12 pages

**Local Civil Rule 7.1(h).** Local Civil Rule 7.1(h) states that briefs in support of or in opposition to all motions noticed for the same motion day may not exceed 25 pages, while reply briefs are limited to 10 pages. Samsung understands this rule to limit

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged into Samsung Electronics America, Inc., and STA ceased to exist as a separate corporate entity.

Samsung and Largan to filing a single 25 page motion addressing all issues on September 3rd.[2] The Court has the authority to grant a party leave to file additional briefs and to exceed the page limits. Local Civil Rule 7.1(h). Whether to grant leave is at the discretion of the Court. Pursuant to S.D. Civ. L.R. 83.3(g)(2), Samsung's counsel has also informed Largan's counsel when and where this application motion would be made.

**Notice of Samsung's *Ex Parte* Application.** On August 12th, during a meet and confer, Samsung told Largan that Samsung intended to seek an extension of the page limits and proposed filing a joint request. On August 19th, having not received a response, Samsung sent an email to Largan again proposing a joint motion and stating Samsung's intent to raise this issue with the Court. On August 20th, Largan declined to join Samsung's request, taking the position that 25 pages as provided-for in the local rules is sufficient.

**Good Cause to Allow Two Briefs.** There is good cause to permit Samsung to file two separate motions. First, the legal standards for summary judgment are different from those used in *Daubert* challenges. Second, the issues in the motions are different, with the summary judgment motion addressing issues in the case which may (or may not) implicate expert reports and the *Daubert* motion raising direct challenges to Largan's experts and opinions. Allowing the two motions to be filed separately will improve the clarity of these issues for the Court. Moreover, Samsung's motions, if granted, would allow the Court to narrow the issues to be decided at trial in this complex patent case.

**Good Cause Regarding Summary Judgment.** There is good cause to allow 15 extra pages for opening and opposition briefs and 5 extra pages for reply briefs. Largan is currently asserting *twenty claims* (many depending on multiple additional claims) across *six patents*—five of which are unrelated to each other—against *eight* lens modules contained within almost *40* camera modules contained within *19* Samsung smartphone, tablet, and smartwatch products. Although expert discovery is still pending, the record

---

[2] Relatedly, Samsung understands that it would be improper to attempt to avoid this limit by serially filing motions on separate days between now and September 3rd.

shows there are numerous issues ripe for summary judgment for each patent. Resolution of these issues on summary judgment could resolve or significantly narrow the issues in the case.

Although no final decision has yet been reached on what issues to pursue given the ongoing expert discovery, at this time, Samsung expects to move for summary judgment of non-infringement and/or invalidity of the particular asserted patents. Given Largan's twenty asserted claims and six asserted patents, briefing summary judgment issues will be longer than the ordinary patent case. Likewise, Samsung may seek summary judgment of invalidity on certain of the six patents-in-suit based on prior art and/or the failure to provide support for the twenty asserted claims. Given the need to address specific claim limitations on a patent-by-patent basis briefing will take more pages than an ordinary patent case. Further, Samsung also anticipates seeking summary judgment on certain discrete damages and remedy issues, including marking. These issues will require sufficient space to frame them for the Court's consideration.

**Good Cause Regarding *Daubert*.** There is good cause to allow 5 extra pages for opening and opposition briefs and 2 extra pages for reply briefs regarding the *Daubert* motion. Largan has served five separate expert reports (including two responsive expert reports not at issue in Samsung's currently-pending motion to strike) from four different experts. Samsung expects to file *Daubert* motions against certain opinions of Largan's expert witnesses where the expert lacks the relevant expertise, their theories lack support in the field, or do not fit the facts. These issues include a deeply flawed survey on which Largan relies for damages. Samsung's *Daubert* motion may also seek to preclude certain opinions in Largan's responsive expert reports. The additional requested space will allow Samsung to frame these issues more fully for the Court's consideration.

**The Timing of Samsung's Motions is Proper.** These issues could not have been practicably raised earlier in this case. Expert discovery has not yet ended and the expert reports framed the issues that may remain in the case for trial as long as they were properly disclosed and supported.

For the reasons detailed herein, Samsung requests that the Court grant Samsung's motion to allow the parties to file a summary judgment motion pleading up to 40 pages, an opposition up to 40 pages, and replies up to 15 pages. Samsung also requests that the Court grant Samsung's motion to allow the parties to file a *Daubert* motion pleading up to 30 pages, an opposition up to 30 pages, and replies up to 12 pages.

DATED: August 21, 2015

Respectfully submitted,

*/s/ David W. Higer*
KIRKLAND & ELLIS LLP
Gregory S. Arovas, P.C. (*pro hac vice*)
garovas@kirkland.com
Edward C. Donovan (*pro hac vice*)
edonovan@kirkland.com
Todd M. Friedman, P.C. (*pro hac vice*)
todd.friedman@kirkland.com
David W. Higer (*pro hac vice*)
dhiger@kirkland.com
LEWIS KOHN & WALKER LLP
Kent M. Walker (Bar No. 173700)
kwalker@lewiskohn.com

Attorneys for Defendants/Counterclaim Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 21, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail.

*/s/ David W. Higer*
David W. Higer