John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Kevin J. Patariu, Bar No. 256755
KPatariu@perkinscoie.com
Michael J. Engle, Bar No. 259476
MEngle@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Michelle N. Berger, Bar No. 290721
MCunningham@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiff and Counterclaim Defendant Largan Precision Co., Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARGAN PRECISION CO., LTD.,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; *et al.*,<br><br>Defendants and Counterclaim Plaintiffs. | CASE NO. 13-CV-2740 DMS (NLS)<br><br>**LARGAN PRECISION CO., LTD'S OPPOSITION TO SAMSUNG'S *EX PARTE* MOTION FOR LEAVE TO FILE MOTIONS IN EXCESS OF PAGE LIMITS**<br><br>JURY TRIAL DEMANDED |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. DISCUSSION .......... 1
A. Two Lengthy Briefs Are Unnecessary .......... 2
B. Samsung Has Not Provided Good Cause for Summary Judgment .......... 3
C. Samsung Has Not Provided Good Cause for Daubert Motions .......... 4
III. CONCLUSION .......... 4

## I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s ("Samsung") Motion for Leave to File Excess Pages is an attempt to bury Largan Precision Co., Ltd. ("Largan") and this Court in mountains of motions in order to needlessly draw out and increase the costs of litigation. Instead of narrowly focusing on meritorious issues for the motions deadline, this is a continuation of Samsung's practice of fighting on every single issue regardless of merit or likelihood of success. At best, Samsung's motion is premature because Samsung admits it has not even decided which motions it will file. Regardless, it has not justified burying the Court with nearly three times the number of pages allowed for both opening briefs and oppositions. Merely saying it might want more pages for unspecified motions on unspecified issues with no explanation why such a motion requires so many pages does not constitute good cause. Nor has Samsung shown Largan would not be prejudiced by having to oppose so many additional pages. Samsung's request should be denied.

## II. DISCUSSION

The Court has inherent power to control its docket, including granting or denying requests to file briefs in excess of those given by its Local Rules. *See, e.g.*, *Traylor Bros. v. San Diego Unified Port Dist.*, No. 08-CV-1019-L WVG, 2012 WL 1019966, at *2 (S.D. Cal. Mar. 26, 2012). For such changes, the Court generally requires good cause, which Samsung has failed to provide. *See, e.g.*, *id.* at *2-3; *Fastek, LLC v. Steco*, No. 10-CV-0972-MMA, slip op. (S.D. Cal. Nov. 8, 2011).

Given its substantial experience in complex patent litigation cases, this Court was fully aware of its Local Rules concerning briefing limits when it set out its schedule without any modification to the page limits. This indicates that the Court fully believed it was possible for each party to distill their motion-worthy issues down to 25-pages when it set the initial deadline for motions other than motions *in limine*. (D.I. 35.) The Court effectively confirmed this view when on May 27,

2015, it modified the motion deadline to be September 3, 2015, without any change to the briefing page limits. (D.I. 145.) This deadline modification was done after the number of patents and claims were decided and after the Court was aware of the numerous discovery and other disputes between the parties. Yet, despite the Court's awareness of just how complex this case was, the Court did not extend the number of pages the parties could utilize for motion briefings. Nor did Samsung propose at that time, in the case management statement, or at any other time that additional pages would be necessary.[1] Rather, the Court realized that 25 pages should be sufficient for the parties to present their positions. This is still true today. Samsung has presented no good cause to exceed this 25-page limit, let alone to exceed it by almost three times the amount allowed under the Local Rules.

**A. Two Lengthy Briefs Are Unnecessary.**

Samsung's argument that it needs to file two oversized briefs because of the different standards for summary judgment and *Daubert* motions is unpersuasive. First, nothing in the Local Rules prohibits Samsung from filing two motions as it wishes to do; the only requirement is that the total page count for all of these motions cannot exceed 25-pages. *See* Civ. L.R. 7.1(h). Thus, Samsung is free to divide its 25 pages as appropriate into two motions to address each issue. "Although there are several issues Defendant wishes to raise in its motion, . . . those issues can be addressed fully and efficiently in the 25 pages allowed by the Local Rules." *KFX Med. Corp. v. Arthrex, Inc.*, No. 11-CV-1698, slip op. (S.D. Cal. Oct. 25, 2013) (Sabraw, J.) (denying request for 40 page limit for JMOL briefing on "direct infringement, inducement, invalidity, willfulness and damages").

Similarly, Samsung's assertion that allowing more motions and more pages will "narrow" or "improve the clarity" of the issues is unsupported. As discussed

[1] Samsung now claims these issues could not have been raised earlier because expert discovery was not complete, but as a sophisticated litigant with counsel experienced in patent litigation, including in this District, Samsung should have had some idea from its defenses, the number of patents at issue, or its litigation strategy that it might want so much more than 25 pages to brief its motions.

below, Samsung cannot even adequately describe the issues that it wants to move on. To the contrary, allowing so many more additional pages will merely bury Largan and the Court in briefings and allow Samsung to continue its shotgun approach of litigation, hoping that at least one theory sticks. This needlessly raises litigation costs for everyone, forcing Largan to spend numerous hours responding to farfetched motions and transferring the burden of picking which theories have any merit to the Court rather than requiring Samsung to properly narrow its case.

The 25-page limit contemplated by the Local Rules is more than sufficient to address all issues. Largan is both willing and able to efficiently present its case to the Court within these limits, and Samsung should do the same.

**B. Samsung Has Not Provided Good Cause for Summary Judgment.**

No good cause exists for increasing the page limits for summary judgment briefings. While Samsung emphasizes the number of claims, patents, and accused products, notably absent from Samsung's motion is the number of these that Samsung will actually seek to resolve in its summary judgment motion. In fact, Samsung's motion admits it may only move on "***certain of*** the six patents-in-suit." (D.I. 186 at 2 (emphasis added).) Similarly, Samsung has stipulated that many of its products "are not meaningfully different" for purposes of the asserted claims, so the number of products cannot be a basis for increased page limits. (D.I. 154 ¶¶ 4-6; D.I. 155.) Samsung also admits it has not decided the issues on which it will move, instead only noting it "may seek" summary judgment on vague categories of "non-infringement and/or invalidity" and "damages." (D.I. 186 at 2.) Such broad categories—without being tied to specific patents, specific claims, specific prior art, or specific damages issues—cannot constitute good cause for an increase of so many pages. Because Samsung has failed to specifically identify what it is going to file and why those issues necessitate more pages, Samsung's motion should be denied. *See, e.g.*, *Gen-Probe Inc. v. Becton, Dickinson, & Co.*, No. 09-CV-2319 BEN, slip op. (S.D. Cal. Oct. 3, 2012) ("Parties shall limit briefs in support of or in

opposition to all motions noticed for the same motion day, including *Daubert* Motions and motions *in limine* to a combined twenty-five (25) pages.").

### C. Samsung Has Not Provided Good Cause for *Daubert* Motions.

Samsung also has failed to established good cause for increasing the briefing limit for *Daubert* motions. Initially, Samsung's description of these page limit increases is misleading. Samsung asks for just "5 extra pages" for opening and opposition briefs, but this ignores the additional 25 pages Samsung wants for treating its *Daubert* motion as a separate brief, for a combined total of 30 extra pages for the *Daubert* opening briefing alone.[2] On top of this mischaracterization, however, Samsung offers no justification for needing so many extra pages. The only issue that Samsung specifically identifies is a "survey," yet Samsung fails to tell the Court that Largan's survey report was only 32 pages long, and Samsung has provided no reason why it would need a 30 page *Daubert* motion that was as long as the report itself. Similarly, while Samsung says that it "may" move against "Largan's responsive expert reports," Samsung does not even identify *which* responsive report it may move on, let alone *why*. Samsung cannot show good cause if it has not even identified what it intends to move on.

Again, the burden here is on Samsung to show good cause, not Largan. Leaving the Court and Largan in the dark on what specific issues Samsung needs so many extra pages for—let alone what patents or claims—cannot meet good cause.

## III. CONCLUSION

Because Samsung has failed to establish good cause for seeking so many extra pages, Largan respectfully requests that the Court deny Samsung's motion. The parties should remain at the 25-page limits for motions and responses and 10-page limit for replies contemplated by Local Civil Rule 7.1(h).

---

[2] Samsung also seeks an additional 15 extra pages for summary judgment motions, for a total of 45 pages beyond the local rule limits. On its face, this threefold increase is excessive. *See Traylor Bros.*, 2012 WL 1019966, at *3 ("[E]xceeding the 25–page limit imposed by the Civil Local Rules by 35 pages is excessive.").

DATED: August 28, 2015

**PERKINS COIE LLP**

By: *s/ Michelle N. Berger*

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Kevin J. Patariu, Bar No. 256755
KPatariu@perkinscoie.com
Michael J. Engle, Bar No. 259476
MEngle@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Michelle N. Berger, Bar No. 290721
MCunningham@perkinscoie.com
Perkins Coie LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Plaintiff and Counterclaim Defendant Largan Precision Co., Ltd.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 28, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail.

*s/ Michelle N. Berger*
Michelle N. Berger

LARGAN OPP. TO MOT. TO FILE EXCESS PAGES -6- 13-CV-2740 DMS (NLS)